IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**TEK CONSTUCTION SERVICES, LLC,**

    Plaintiff,

v.

**PIONEER PIPE, INC.,**

    Defendant.

No. _____

## COMPLAINT AND JURY DEMAND

Plaintiff TEK Construction Services, LLC, by its undersigned counsel, files this Complaint and Jury Demand against Pioneer Pipe, Inc., stating as follows:

### *Parties*

1. Plaintiff TEK Construction Services, LLC ("TEK") is a Pennsylvania limited liability company with a principal place of business located at 400 Commerce Boulevard, Lawrence, PA 15055. TEK provides general contracting and related services to the shale gas industry.

2. Defendant Pioneer Pipe, Inc. ("Pioneer") is an Ohio corporation with a principal place of business located at 2021 Hanna Road, Marietta, OH 45750.

3. Pioneer is registered with the Pennsylvania Corporations Bureau as a foreign corporation authorized to transact business in Pennsylvania (Entity No. 1008635).

### *Jurisdiction and Venue*

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). TEK is a citizen of the Commonwealth of Pennsylvania. Pioneer is incorporated under the laws of, and

keeps its principal place of business in, the State of Ohio. The amount in controversy, excluding interest and costs, exceeds $75,000.

5. Pioneer carries on a continuous and systematic business within the Commonwealth of Pennsylvania and is therefore subject to personal jurisdiction in this district.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because TEK resides in this district, payment was owed to TEK in this district, and a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

### *General Allegations*

7. By written Work Order dated April 7, 2014 (attached as Exhibit A), Blue Racer Midstream, LLC ("Owner") engaged TEK to provide labor, materials and other services for Structural and Civil Installation services on the Oxford-CRP Project to be located in Guernsey County, Ohio (the "Project") for a lump sum total of $154,700.00. TEK's scope of work included grading and preparing the pad (the "Dehy Pad") for the natural gas dehydration equipment, installing various equipment foundations, providing fabricated steel for a pipe rack, and excavating a 300-foot trench (the "Trench") for underground piping that would run between the Dehy Pad and gas pipeline launcher/receivers that were located to the north of the Dehy Pad and across a planned access road (the "Epic Access Road").

8. On information and belief, Owner engaged Pioneer on or about October 28, 2013 as a contractor to provide Mechanical and Piping Installation services on the Project for a lump sum total of $618,546.00, including the installation of the underground piping running from the Dehy Pad to the launcher/receivers that were located across the Epic Access Road in the Trench to be excavated by TEK.

9. Owner built the Project to gather and process the natural gas to be produced by Eclipse Resources from the Weekender natural gas drill site (the "Weekender Drill Pad"), which was adjacent to the Project. Through the course of the Project, Owner also engaged Beaver Excavating ("Beaver") to construct the Epic Access Road to the Weekender Drill Pad so that the newly-drilled natural gas wells could be fracked and serviced.

10. On or about May 2, 2014, TEK completed building the Dehy Pad and commenced work on the equipment foundations. TEK was prepared to excavate the trench in which Pioneer would install gas piping to connect the equipment from the Dehy Pad to the launcher/receiver locations whenever requested to do so by Pioneer.

11. The Project Schedule issued by the Owner in its contracts to TEK and Pioneer (Exhibit 1 attached to Exhibit A) required Pioneer's piping to be installed by May 16, 2014. Pioneer did not meet this requirement of the Project Schedule.

12. Also, because Pioneer did not meet the Project Schedule, the Epic Access Road was installed by Beaver before Pioneer was ready to install its pipe in the Trench to be excavated by TEK.

13. On June 10, 2014, Aric Schafer, the Project Superintendent for Pioneer, sent an email regarding the excavation of the trench (attached as Exhibit B) to Frank Fanelli, TEK's Superintendent, which requested "have the trackhoe onsite by Friday the 13th so we can start digging Monday morning [June 16, 2014]."

14. On information and belief, Eclipse would not permit Owner to dig the Trench across the Epic Access Road at that time because Eclipse was in the process of fracking the wells located on the Weekender Drill Pad and could not allow access to the Weekender Drill Pad to be interrupted by an open Trench across the Epic Access Road.

15. On Monday morning, June 16, 2014, Aric Schafer sent an email (attached as Exhibit C) to Frank Fanelli documenting a meeting between David Koon, a civil consultant for Owner, and Schafer regarding the excavation of the Trench across Epic Access Road. In the email, Koon agreed to allow the Trench to be cut through the Epic Access Road only if Pioneer met a number of conditions including the following conditions that are relevant to this litigation:

- Pioneer must provide unencumbered access for construction crews and inspectors to the Weekender Pad at all times during the open cutting of the access road.
- The temporary route that Pioneer provides must accommodate all equipment and trucking as requires to continue with construction of the pad.
- Pioneer must absorb any and all costs incurred to provide the temporary access road to the Weekender Pad.
- Pioneer must absorb all costs to open access road in two separate locations.
- Pioneer must rebuild all areas affected during the open cutting operation to the same or better condition of the access road before the start of the open cuts.

16. On June 16, 2014, Frank Fanelli sent an email (attached as Exhibit D) confirming his conversation with Brandon Hall, Owner's Project Manager, and Aric Schafer, Pioneer's Superintendent, wherein TEK agreed to build and maintain, on a time and material basis, a new temporary access road to the Weekender Drill Pad that would run across the Dehy Pad while the Trench across Epic Access Road was open for Pioneer to install its piping in this trench. Mr. Hall agreed to have Owner's inspectors sign TEK's time, equipment and material EWO's (Extra Work Orders) that would be used to track TEK's costs to install this new temporary access road across the Dehy Pad.

17. From June 17 to June 30, 2014, TEK constructed the 10-by-210-foot temporary access road across the Dehy Pad and excavated and backfilled the Trench. Owner's inspectors signed TEK's EWOs to confirm the time, equipment and materials that were used by TEK to build and maintain this temporary road while the Trench across Epic Access Road was open for

-4-

Pioneer to install its underground pipe and then to backfill the Trench with the upgraded materials of Plan B described in Exhibit C. (See signed EWOs attached as Exhibit E.)

18. After the Trench across Epic Access Road was filled pursuant to Plan B and the temporary access road was no longer needed, TEK compiled its costs to build and maintain this road and to fill the Trench and submitted an invoice to Owner in the amount of $99,430.00 (attached as Exhibit F).

19. On information and belief, Owner advanced TEK's invoice to Pioneer for payment pursuant to their agreement made and confirmed on June 16, 2014 (as evidenced in Exhibits C and D and paragraphs 15 and 16 above), but Pioneer refused to pay.

20. Owner did not pay the invoice from TEK on the grounds that Pioneer promised to pay TEK directly for the temporary access road and the Plan B Trench backfill pursuant to its agreement with Owner made on June 16, 2014 (as evidenced in Exhibit C and paragraph 15 above).

21. Prior to filing this action, TEK repeatedly and diligently contacted Pioneer to request payment of its invoice for the costs to build and maintain this road and to backfill the Trench pursuant to Plan B for Pioneer. Although Pioneer admitted that it has been paid in full by Owner for the Project, it has refused to pay this past-due invoice for TEK's costs to construct and maintain the temporary access road and to backfill the Trench with Plan B materials.

## **Count I - Breach of Contract**

22. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

23. The failure of Pioneer to pay TEK's invoice in the amount of $99,430.00 is a material breach of the contract made between TEK and Pioneer on June 16, 2014 by which

Pioneer agreed to pay for the time, equipment and materials used by TEK to construct the temporary access road and to backfill the Trench with Plan B materials.

24. As a direct and proximate result of this material breach of the contract by Pioneer, TEK has suffered damages in the amount of $99,430.00.

WHEREFORE, Plaintiff TEK Construction Services, LLC demands trial by jury and judgment in its favor and against Defendant Pioneer Pipe, Inc. in the amount of $99,430.00, together with interest, costs, and such other relief as this Honorable Court deems necessary or appropriate.

### **Count II – Intentional Misrepresentation/Fraud in the Inducement**

25. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

26. In order to induce TEK to build the temporary access road across the Dehy Pad to the Weekender Drill Pad and to backfill the Trench with Plan B materials, Pioneer represented to Owner and to TEK that it would "absorb any and all costs incurred to provide the temporary access road to the Weekender Pad" (*see* Exhibit C bullet point no. 5) and that it would "absorb all costs to open cut our access road in 2 separate locations" (*see* Exhibit C bullet point no. 6).

27. TEK was induced to build the temporary access road across the Dehy Pad to the Weekender Drill Pad and to backfill the Trench with Plan B materials by the express representations by Pioneer that it would pay for all associated costs.

28. TEK expressly relied on the representations by Pioneer that it would pay for all such costs when it proceeded to perform the requested work.

29. Despite Pioneer's representations to Owner and to TEK that it would pay for this temporary access road and for the Plan B materials to backfill the Trench, Pioneer had refused to pay TEK for these costs.

30. Pioneer knew that its representation that it would pay TEK to build the temporary access road and to backfill the Trench with Plan B materials were false, and this intentional misrepresentation wrongfully caused TEK to incur $99,430.00 of damages to build this temporary access road and to backfill the Trench with Plan B materials.

WHEREFORE, Plaintiff TEK Construction Services, LLC demands trial by jury and judgment in its favor and against Defendant Pioneer Pipe, Inc. in the amount of $99,430.00, together with interest, costs, and such other relief as this Honorable Court deems necessary or appropriate.

### Count III – Intended Third-Party Beneficiary

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. Pioneer agreed with Owner that it would "absorb any and all costs incurred to provide the temporary access road to the Weekender Pad" (*see* Exhibit C bullet point no. 5) and that it would "absorb all costs to open cut our access road in 2 separate locations" (*see* Exhibit C bullet point no. 6).

33. To the extent TEK does not have a contract with Pioneer, and in the alternative to Count I, TEK is an intended third-party beneficiary of Pioneer's agreement with Owner that it would pay TEK to build the temporary access road and to backfill the Trench with Plan B materials.

34. TEK incurred $99,430.00 of damages to build the temporary access road and to backfill the Trench with Plan B materials.

35. TEK is therefore entitled, as an intended third-party beneficiary, to recover payment from Pioneer in the amount of $99,430.00.

WHEREFORE, Plaintiff TEK Construction Services, LLC demands trial by jury and judgment in its favor and against Defendant Pioneer Pipe, Inc. in the amount of $99,430.00, together with interest, costs, and such other relief as this Honorable Court deems necessary or appropriate.

### Count IV – Promissory Estoppel

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. Pioneer promised to pay for the costs for building the temporary access road and for backfilling the Trench with Plan B materials.

38. Acting in reliance on those promises, TEK proceeded to build the temporary access road and to backfill the Trench with Plan B materials.

39. Pioneer has refused to pay for the costs of building the temporary access road and for backfilling the Trench with Plan B materials.

40. Injustice can be avoided only by enforcing Pioneer's promise to pay for the work performed by TEK to build the temporary access road and to backfill the Trench with Plan B materials.

WHEREFORE, Plaintiff TEK Construction Services, LLC demands trial by jury and judgment in its favor and against Defendant Pioneer Pipe, Inc. in the amount of $99,430.00, together with interest, costs, and such other relief as this Honorable Court deems necessary or appropriate.

### Count V – Unjust Enrichment

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. TEK provided a valuable benefit to Pioneer by building the temporary access road and by backfilling the Trench with Plan B materials, which work was made necessary by Pioneer's failure to perform its work according to the Project Schedule.

43. Pioneer appreciated this benefit so that it would be paid by Owner for the balance of its contract value of $618,546.00.

44. Pioneer accepted and retained the benefit of TEK's work without payment for the value of this benefit.

WHEREFORE, Plaintiff TEK Construction Services, LLC demands trial by jury and judgment in its favor and against Defendant Pioneer Pipe, Inc. in the amount of $99,430.00, together with interest, costs, and such other relief as this Honorable Court deems necessary or appropriate.

>Respectfully submitted,
>/s/ Scott M. Hare
>Scott M. Hare, Esquire
>Pa. I.D. No. 63818
>1806 Frick Building
>437 Grant Street
>Pittsburgh, PA 15219
>Tel:   412-338-8632
>
>Mark S. Shaffer, Esquire
>Pa. I.D. No. 53330
>TEK Construction Services, LLC
>400 Commerce Blvd.
>P.O. Box 612
>Lawrence, PA 15055
>Tel: 412-417-8102
>
>Counsel for Plaintiff

Date:   May 17, 2016